# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TERENCE ROZZELL,** ) | CASE NO. 1:23 CV 791 |
| ) | |
| **Plaintiff,** ) | JUDGE DAVID A. RUIZ |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| **CSWMFT OHIO, et al.,** ) | AND ORDER |
| ) | |
| **Defendants.** ) | |

*Pro se* Plaintiff Terence Rozzell filed this action against "CSWMFT Ohio William L. Hegarty Deputy Director of Investigations." (Doc. No. 1 at 1). Plaintiff's hand-written Complaint is brief and at times illegible, making it difficult to determine what he alleges occurred to prompt the filing of this action. His Statement of Claim, in its entirety reads:

> Mr. Hegarty violated Ohio law. Mr. Hegarty falsely [repeated or reported] to my supervisor Ashley Schultz LPCC-S [illegible] she was not providing clinical supervision false Mr. Hegarty is not a licensed counselor he practiced out of scope, lost my supervisor Mr. Hegarty [repeated or reported] to Sondermind Inc. + Teledocs Inc. I was practicing counseling out of scope <u>lost</u> both my jobs, detrimental to credit [illegible], loss of income, loss of reputation as a professional loss of supervisor.

(Doc. No. 1 at 4). As his basis for federal jurisdiction, he states, "defendant violated state 102.05 state employee violated making judgments on the violating of counseling ethical codes resulting in termination without due process falsely reporting violation of civil code practices out of scope to [illegible] + Teledocs loss of income credit score + loss reputation." (Doc. No. 1 at 3).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

To meet the minimal federal notice pleading requirements of Federal Civil Procedure Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint is deficient in both of these areas. His only reference

to legal causes of action are his statements that "Defendant violated state 102.05" and his contention that a "state employee" made "judgments on the violating of counseling ethical codes resulting in termination without due process." He fails to include a more specific legal framework for these claims and does not include any facts to support these claims or describe what occurred. At best, the statements are legal conclusions, which fail to meet the basic pleading standard.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: March 29, 2024